## WOODMAN *versus* SMITH.

The judgment of a Court having general jurisdiction of the subject matter of the suit, and purporting to be recovered against an inhabitant of the county where it is rendered, while unreversed, cannot be collaterally impeached.

Such judgment is a sufficient foundation for a levy, although there may have been some *error* in the *date* of the writ, the *service* thereon and the *term* of the Court at which the action should have been entered.

For the validity of a levy on land, it is not necessary that the appraisers should be residents of the county where the land lies.

When the defendant appears and pleads to the merits of the suit he thereby waives any objections to the want of service of the writ.

Where the deed, under which the demandant claims title, is introduced by him without objection, this furnishes *prima facie* evidence of its *execution* and *delivery* on the day of its date.

If the demandant mortgage the land sought to be recovered, to a third person, after action brought, it will not prevent his recovery.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

WRIT OF ENTRY, for a tract of land of fifty acres, &c.

The writ was dated Oct. 5, 1852. The tenant, by his brief statement, asserted his right to retain possession of the demanded premises, by virtue of a mortgage deed from the former owner, duly executed; and further, that the demandant could not maintain the action, as he had conveyed the premises by deed of mortgage since the commencement of the suit.

The various deeds introduced, and under which the parties claimed title are enumerated in the opinion of the Court.

The deed to the demandant was dated on Jan. 30, 1852, acknowledged on April 15, 1853, and recorded April 19, 1853. It was not objected to at the trial.

A levy, upon· which the demandant relied, to defeat the effect of tenant's mortgage, was made upon a judgment not otherwise defective, than that the original writ appeared to be dated on May 28, 1845; was served on May 23 and 26, 1845, and entered at the June Term, in Franklin County, in 1846.

The description of the land levied on, by the appraisers in the execution, was in these words; "a certain piece or parcel of land situated in Wilton, being fifty acres on the northerly part of the farm now occupied by J. B. Smith, and Allen Smith, with the buildings thereon standing, which was set off to satisfy an execution in favor of *O. O. Woodman* v. *Jona. B. Smith.*"

The case was submitted to the decision of the full Court.

*J. S. Abbott*, for tenant, maintained the following positions.

1. There was no valid attachment on the original writ of *O. O. Woodman* v. *Smith*, as appeared by reference to the return thereon.

2. Before the attachment and levy in that case, Smith had conveyed the land levied on to Allen Smith, in mortgage. Ephraim Woodman had *actual* notice of that mortgage, and the action, in the name of O. O. Woodman, was really brought for *Ephraim* Woodman, and hence no title was acquired by the levy.

3. The levy is defective. First, because there is no sufficient description of the land levied on; and secondly, because it does not appear that the appraisers were inhabitants of Franklin County. And if otherwise, it does not appear that the land levied on is the same as demanded in the writ.

4. The deed to demandant was not *delivered, acknowledged* or *recorded* before the commencement of this action. R. S. c. 91.

5. The demandant has conveyed away the land since the commencement of this action.

6. No legal service of the writ in this action was made.

*J. L. Cutler,* for demandant.

TENNEY, J. — The demandant claims under a deed given by Peter Haines to the tenant of lot No. 51, in Wilton, containing 115 acres more or less, dated April 19, 1832. On April 27, 1839, Allen Smith conveyed the same to Ephraim Woodman, who, on April 22, 1840, conveyed it to Jonathan B. Smith. On July 12, 1850, Oliver O. Woodman extended his execution against Jonathan B. Smith, on "fifty acres on the northerly part of the farm now occupied by Jonathan B. Smith and Allen Smith;" and, on September 16, 1850, Oliver O. Woodman conveyed to Sarah Woodman "all that portion of the farm, that Allen ·Smith lives on, that I have any interest in or to, in any way." Sarah Woodman, on January 30, 1852, conveyed to Ivory F. Woodman, land set off by levy on an execution in favor of O. O. Woodman *v.* Jonathan B. Smith of Wilton, being a part of the farm that Allen Smith lives on. The evidence reported satisfactorily proves, that at the time of the levy of Oliver O. Woodman's execution, Allen Smith and Jonathan B. Smith were occupying lot No. 51, in Wilton, as a farm.

It appears, however, that at the time Ephraim Woodman conveyed to Jonathan B. Smith, on April 22, 1840, the latter mortgaged the same property to the tenant as security for certain notes, and that the mortgage was assigned, and two of the notes negotiated to Charles I. Smith on July 1, 1850. This mortgage and assignment were recorded on January 10, 1852, which was subsequent to the levy and the record of the same, on the execution of Oliver O. Woodman; consequently, the mortgage to the tenant and his assignment cannot in any degree be effectual against the levy, unless Oliver O. Woodman had actual notice, that the property had been conveyed in mortgage to the tenant.

It is fully established that Ephraim Woodman had a knowledge of this mortgage, he having written the mortgage deed at the time of his conveyance to Jonathan B. Smith. But the evidence is insufficient to affect Oliver O. Woodman with actual notice. The levy, if in proper form, and in other respects valid against the debtor in the execution, will supersede the title by virtue of the mortgage from Jonathan B. Smith to the tenant, under which the latter claims to hold possession.

Other grounds of defence are relied upon. The execution against Jonathan B. Smith, extended upon the premises, was on a judgment, recovered in the action, purporting to be commenced on May 28, 1845, for the Supreme Judicial Court, next to be holden in the County of Franklin, on the second Tuesday after the fourth Tuesday of May next; the attachments of property returned upon the writ, bear date the 23d and the 26th days of May, 1845, and the certificate that a summons was left with the defendant in the action, shows that part of the service to have been made on the day last named. The action was entered at the term of the Court holden in that county, in June, 1846, and was then continued from term to term, till the term holden in 1850, when the same was defaulted, judgment rendered, and execution issued. The judgment was of a Court, having general jurisdiction over the subject matter, and the defendant is represented as being a resident of the county of Franklin. As long as the judgment stands unreversed, it cannot be impeached collaterally, and is a sufficient foundation for the levy, notwithstanding there may have been some error in the date of the writ, the services thereon, and the term of the Court, at which the action should have been entered.

The objection that the officer's return upon the execution does not show that the appraisers were resident in the county of Franklin, where the premises were situated, has no foundation in the statute. R. S. c. 94, § 4.

The statute requires no particular description of the land set off upon execution in the officer's return; but the

description and appraisement of the land shall be indorsed on the execution and signed by the appraisers. This has been done; and the evidence is such that no difficulty is believed to exist in an attempt to ascertain the parcel of land extended upon. The objection that the land levied upon is not the same claimed in the writ fails.

The deed, under which the demandant claims title, was introduced by him without objection. This was *prima facie* evidence of its execution and delivery on the day of the date, and this point in the defence is not sustainable.

The land having been mortgaged by the demandant, subsequent to the commencement of this suit, to Ephraim Woodman, is no impediment to a recovery. As between the demandant and strangers to this mortgage, he has the title. *Blaney* v. *Bearce*, 2 Greenl. 132; *Wilkins* v. *French*, 20 Maine, 111.

The last objection, that there is no service of the writ in this case, is not sustained by the facts, the return thereon showing that a legal service was made. If this point had a foundation it is waived by the appearance of the defendant, who has pleaded to the merits.

*Defendant defaulted.*

Shepley C. J., and Wells, Howard and Appleton, J. J., concurred.